UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN CROSS,

     Plaintiff,

v.

LISA ANDERSON, et al.,

     Defendants.

CASE NO. 3:18-cv-05187-BHS-JRC

ORDER DENYING MISCELLANEOUS MOTIONS

Plaintiff Ryan Cross, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Pending before the Court are plaintiff's eight miscellaneous motions.

**DISCUSSION**

**I. Motions to "Show Cause on Grievance Log #18655155"**

Plaintiff has filed four motions to "show cause on grievance log #18655155." Dkts. 25, 27, 32, 34. In all of his motions, it appears plaintiff is asking that the Court file copies of his grievances on his case's docket. However, plaintiff has already included copies of "grievance log

# 18655155" with several of his other filings. *See* Dkt. 28, pp. 3-5; Dkt. 34-1. Thus, plaintiff has already received the relief he requests in those motions. Therefore, the Court denies plaintiff's four motions to show cause (Dkts. 25, 27, 32, 34) as moot.

## II.  Motions to File Tort Claim

Plaintiff has filed two motions "to file a tort claim." Dkts. 36, 38. In his first motion, he "asks the courts [sic] to file [his] tort claim in [his] case." Dkt. 36, p. 1. In his second motion, he "moves the court for an order to file [his] tort claim on case #c18-5187-BHS-JRC." Dkt. 38, p. 1. The Court is unsure exactly what plaintiff is requesting, but interprets his motions to request that the Court file his complaint. However, the Court has already accepted his third amended complaint, placed it on the docket, and directed service. Dkts. 16, 19. Further, defendants have filed an answer and the Court has entered a pretrial scheduling order. Dkts. 29, 31. Thus, insofar as plaintiff asks that his complaint be filed, plaintiff has already received the relief he requests. Therefore, plaintiff's two motions "to file a tort claim" (Dkts. 36, 38) are denied as moot.

## III.  Motions for Plaintiff's Answer

Plaintiff has filed two motions for "plaintiff's answer to defendants." Dkts. 41, 43. Defendants have filed a response, indicating they believe plaintiff may be, in part, requesting permission to file a reply to defendants' answer to plaintiff's third amended complaint. Dkt. 45.

The Federal Rules of Civil Procedure provide for a complaint and an answer. Fed. R. Civ. P. 7(a). A reply will only be accepted if the Court orders a reply. Fed. R. Civ. P. 7(a)(7). Generally, the Court will order a reply to an answer to a complaint when "a rebuttal would be of assistance." *Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995). Here, the Court finds the complaint and the answer sufficient. A reply to defendants' answer is unnecessary at this time.

Therefore, insofar as plaintiff requests permission to file a reply, his motions (Dkts. 41, 43) are denied.

Plaintiff, however, has also a request for summary judgment in his motions. Dkt. 41, p. 1 ("I ask the courts [sic] for order granting summary judgment"); Dkt. 43, p. 1 ("Mr. Cross moves the court for an order of summary judgment . . . ."). Because a request for summary judgment is dispositive, the Court will file a separate report and recommendation addressing that aspect of plaintiff's motions.

## CONCLUSION

For the reasons stated above, plaintiff's motions to "show cause on grievance log #18655155" (Dkt.s 25, 27, 32, 34) and motions to file tort claim (Dkts. 36, 38) are denied in their entirety.

Plaintiff's motions for plaintiff's answer (Dkts. 41, 43) are denied insofar as they request leave to file a reply. The Court will file a subsequent report and recommendation addressing his request for summary judgment.

The Court will also make a determination on plaintiff's pending motion for appointed counsel (Dkt. 46) in a separate order or report and recommendation.

Dated this 4th day of October, 2018.

J. Richard Creatura
United States Magistrate Judge