UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN CROSS,

                Plaintiff,

    v.

LISA ANDERSON, et al. et al,

                Defendants.

CASE NO. 3:18-cv-05187-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 19, 2018

       Plaintiff Ryan Cross, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Pending before the Court are plaintiff's two motions for "plaintiff's answer to defendants." Dkts. 41, 43. The undersigned magistrate judge has already entered an order denying plaintiff's motions insofar as he requests leave to file a reply. Dkt. 48. However, plaintiff has also included requests for summary judgment in his motions. *Id*.

       The Court will only grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The moving party may not rely only on bare allegations – he must

1 show there are no genuine disputes of material fact by "citing to particular parts of the materials
2 on the record," or "showing that the materials cited do not establish the absence or presence of a
3 genuine dispute . . . ." Fed. R. Civ. Proc. 56(c)(1)(A), (B). Here, plaintiff has provided no
4 evidence and does not cite to anything on the record to support his contention that he is entitled
5 to summary judgment. Rather, he requests, in a conclusory manner, that the Court grant him
6 summary judgment. Thus, plaintiff has not supported his burden and summary judgment in his
7 favor is inappropriate at this time. Therefore, the Court recommends plaintiff's motions for
8 "plaintiff's answer to defendants" (Dkts. 41, 43) be denied insofar as they request summary
9 judgment.

10      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
11 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
12 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
13 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
14 of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
15 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
16 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October 19,
17 2018 as noted in the caption.

18      Dated this 4th day of October, 2018.

J. Richard Creatura
United States Magistrate Judge