UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN CROSS,

              Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, et al.,

              Defendants.

CASE NO. 3:18-cv-05187-BHS-JRC

ORDER DENYING APPOINTMENT OF COUNSEL

      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. Plaintiff Ryan Cross, proceeding *pro se* and *in forma pauperis,* has pending before the Court a motion for appointment of counsel. Dkt. 46.

      Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, plaintiff has not shown that he has an insufficient grasp of either the factual or legal basis for his claim. On the contrary, plaintiff is articulate and able to describe the alleged wrongs and the legal principles underlying them in a way that is understandable to the Court at this time. Plaintiff has filed multiple motions, many of which are duplicative. While this Court does not condone duplicative motions, and some of plaintiff's pleadings demonstrate his lack of legal training, he appears to be able to articulate himself and understand, to a basic degree, the legal underpinnings of his case. It further demonstrates plaintiff's ability to maintain awareness of the developments in his case and respond to defendant's motions. Though it may be easier for plaintiff to prosecute his case with the assistance of counsel, convenience alone is not enough to warrant appointment of counsel.

Further, defendants have not yet filed a motion for summary judgment, and the discovery period and dispositive motions deadline have not yet passed. *See* Dkt. 31. Thus, it is still too early in this case for the Court to make a determination as to plaintiff's likelihood of success on

the merits. Because of this, plaintiff has not yet demonstrated the exceptional circumstances necessary for the Court to order appointment of counsel.

Therefore, for the reasons stated above, plaintiff's motion to appoint counsel (Dkt. 46) is denied without prejudice, which means that plaintiff may file a second motion at a later time after the case has developed further and he is able to show the exceptional circumstances necessary to warrant appointment of counsel.

Dated this 1st day of November, 2018.

J. Richard Creatura
United States Magistrate Judge