UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN CROSS,

              Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al,

              Defendants.

CASE NO. 3:18-cv-5187 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: April 12, 2019

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

      In this 42 U.S.C. § 1983 civil rights action, plaintiff alleges that defendants "violated my medical health by not providing me with one of my important meds [sic] . . . for 4 days." Dkt. 16, p. 3. The Court interprets this as an Eighth Amendment claim of deliberate indifference to a serious medical need. Defendants move for summary judgment, arguing that the Department of Corrections is an improper defendant, the remaining defendants did not personally participate in the alleged conduct, plaintiff's claims fail as a matter of law, and the defendants are entitled to qualified immunity. Dkt. 55, p. 3, 4, 7, 11.

REPORT AND RECOMMENDATION - 1

After reviewing and considering the record, this Court recommends that defendants' motion for summary judgment be granted. As argued by defendants, the evidence shows that none of the named defendants personally participated in the alleged unconstitutional conduct. Plaintiff has not produced any evidence beyond his conclusory allegations that defendants were responsible for the harm alleged, and there are no remaining issues of material fact.

Accordingly, defendants' motion for summary judgement should be granted and plaintiff's claim should be dismissed with prejudice.

### BACKGROUND and PROCEDURAL HISTORY

Plaintiff, Ryan Cross, proceeding *pro se* and *in forma pauperis* (Dkt. 5) filed his initial complaint on March 9, 2018.  Dkt. 1.  This Court issued several orders to plaintiff to show cause or amend his complaint. On June 26, 2018, plaintiff filed his third amended complaint (Dkt. 16) and thereafter, this Court directed service upon defendants (Dkt. 19).

On January 25, 2019, defendants filed a motion for summary judgment and served plaintiff with a notice that a dispositive motion had been filed. Dkts. 55, 58.  On February 17, 2019, plaintiff filed a Motion for Dismissal of Defendants' Motion for Summary Judgment, which this Court has interpreted as plaintiff's response to defendants' motion for summary judgment. *See* Dkt. 60.  Defendants filed their reply to plaintiff's motion/response on February 22, 2019. Dkt. 63.

### FACTS

Plaintiff is currently incarcerated at Clallam Bay Corrections Center, but his case originated when he was housed at Monroe Correctional Complex ("MCC"). Dkt. 54. Plaintiff alleges that "the Department of Corrections has violated my medical health by not providing me

1 with one of my important meds called effexor ER 150 Mg for 4 days." Dkt. 16, p. 3. Plaintiff's
2 medical records show that in July 2017, medical staff at MCC discovered that plaintiff's
3 prescription for Effexor ER 150 mg, a mental health medication, was awaiting refill. Dkt. 57-1,
4 p. 2. The psychiatrist authorized a substitute of Effexor 150 mg until the Effexor ER was
5 received from the pharmacy. Dkt. 57-1, p. 2. Defendants concede that plaintiff "did not receive
6 his Effexor for three or four days while waiting for the medication to come in." Dkt. 55, p. 2.  It
7 is unclear whether plaintiff received no medication, or whether he accepted the substitute.

8     On July 31, 2017, plaintiff submitted a medical grievance stating that he did not receive
9 his medication for three days, and as a result, "I got sick and light headed." Dkt. 56-1, p. 2. The
10 notes accompanying the grievance state that plaintiff could not remember which nurse was on
11 duty the day he did not receive his medication. Dkt. 56-1, p. 3. Plaintiff filed a second grievance
12 for the same incident on August 9, 2017. Dkt. 56-1, p. 4.  Defendants Anderson and Bovencamp
13 investigated plaintiff's grievances and noted that a medication error occurred, that the nursing
14 staff corrected the medication error, and that defendants reviewed the medication procedure with
15 the staff. Dkt. 56-1, p.7.  Thereafter, plaintiff continued to escalate the grievance process. *See*
16 *e.g.* Dkt. 56, p. 8 ("I'm glad they excepted [sic] they were wrong about not having my
17 medication . . . [but] I want my level 2 grievance to go to a level 3").

18
19                                   **STANDARD OF REVIEW**
20     The purpose of summary judgment is to avoid unnecessary trials when there is no dispute
21 over the material facts before the court and the moving party is entitled to judgment as a matter
22 of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds*
23 *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990).  The moving party is entitled
24

REPORT AND RECOMMENDATION - 3

1 to summary judgment if the evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment is appropriate, the court must consider whether particular facts are material and whether there is a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). The materiality of a given fact is determined by the required elements of the substantive law under which the claims are brought. *Anderson*, 477 U.S. at 248. Factual disputes that do not affect the outcome of the suit under the governing law will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the non-moving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). However, when presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted). With these standards in mind, it is important to note that plaintiff bears the burden of proof at trial over the issues raised in this motion. *See Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991).

Plaintiff signed his complaint under penalty of perjury and is being considered as evidence. Dkt. 17, p. 4. Because plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be

1 | admissible in evidence, and where [plaintiff] attested under penalty of perjury that the contents
2 | of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir.
3 | 2004).
4 |
5 | **DISCUSSION**
6 | The Eighth Amendment prohibits deliberate indifference to a person's serious medical
7 | needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jones v. Johnson*, 791 F.2d 769, 771 (9th
8 | Cir. 1986). In order to recover pursuant to 42 U.S.C. § 1983, a plaintiff must prove that: (l) the
9 | conduct complained of was committed by a person acting under color of state law and that (2)
10 | the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or
11 | laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other*
12 | *grounds, Daniels v. Williams*, 474 U.S. 327 (1986).
13 | In their motion for summary judgment, defendants assert that plaintiff's claim fails
14 | because the Department of Corrections is an improper defendant, the remaining defendants did
15 | not personally participate in the alleged conduct, plaintiff's claims fail as a matter of law, and the
16 | defendants are entitled to qualified immunity. Dkt. 55, p. 3, 4, 7, 11. Defendants' first defense is
17 | moot, as the Washington State Department of Corrections was terminated as a defendant in this
18 | action on May 5, 2018. *See* Dkts. 12, 13, 14.
19 | Plaintiff names three defendants as responsible for depriving him of his medication.
20 | Plaintiff alleges that Jennifer Ross, PA-C was his medical provider who "saw me on this and
21 | told me she could not do anything to help me and It's [sic] out of her hands[.]" Dkt. 16, p. 3.
22 | Plaintiff alleges that Lisa Anderson investigated his grievance and "states that the Issue was
23 | taken care of and adressed [sic] to Staff, but does not want to have any concern for my health or
24 |

1 even care that my health Is In Jeopardy [sic]." Dkt. 16, p. 3.  Plaintiff states that Kevin
2 Bovenkamp addressed his level three complaint and "stated that the Issue was has [sic] been
3 resolved by medical staff and that means he was trying to drop the problem and say I was ok[.]"
4 Dkt. 16, p. 3. Plaintiff does not submit any evidence in support of his assertions.
5      Defendants assert that plaintiff's claims must be dismissed because none of the
6 defendants personally participated in the alleged conduct. Plaintiff must allege facts showing
7 how defendant caused or personally participated in causing the harm alleged in the complaint.
8 *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).   Moreover, a defendant cannot be held
9 liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position.
10 *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978).  Thus, the
11 theory of *respondeat superior* is not sufficient to state a claim under § 1983.  *Padway v.*
12 *Palches*, 665 F.2d 965, 968 (9th Cir. 1982).   A § 1983 suit cannot be based on vicarious
13 liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights.
14 *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).  Here, even when interpreted in the light
15 most favorable to plaintiff, there is no evidence that leads the Court to believe that any issue of
16 material fact exists as to whether any of the defendants personally participated in depriving
17 plaintiff of his medication. *Anderson*, 477 U.S. at 255 (citation omitted).
18      The evidence shows that Jennifer Ross did not personally participate in denying plaintiff
19 his medication. The medical record dated July 31, 2017 shows that plaintiff's medication was
20 awaiting refill was signed by C. Gleen, RN and S. Jewitt, MD. Dkt. 57-1, p. 2. Defendant Ross
21 submitted a declaration with exhibits showing that her first interaction with plaintiff was
22 October 16, 2017—over two months after the alleged incident—and was related to plaintiff's
23 complaint of soy allergy. Dkts. 57, p. 2; 57-1, p. 4. Moreover, notes from plaintiff's grievance
24

state that plaintiff could not remember which nurse was on duty the date he did not receive his medication. Dkt. 56-1, p. 3.  Plaintiff named Ross as a defendant because plaintiff informed Ross that he had been denied his medication, and Ross stated that there was nothing she could do about it. Dkt. 60, p. 2.  Someone at DOC had already resolved the mistake by the time he first met with Ross. Therefore, even if plaintiff informed Ross of the mistake, there is no evidence showing how defendant Ross caused or personally participated in causing plaintiff to be denied medication. *See Arnold,* 637 F.2d at 1355.  Therefore, she should be dismissed from the action.

Lisa Anderson and Kevin Bovenkamp only participated in the grievance process, and not the failure to renew the prescription; thus they did not personally participate in denying plaintiff his medication. Dkt. 16, p. 3. The grievance logs show that that plaintiff had begun receiving his medication before the first grievance was filed. Dkt. 56-1, p. 2.  Both defendants Bovenkamp and Anderson noted in their response to the grievance that plaintiff's medication error had already been corrected. *See* Dkt. 56-1, pp. 6, 8.

Defendants Anderson and Bovenkamp cannot be held liable on a theory of *respondeat superior* or vicarious liability. *Monell.* 436 U.S. at 694 n.58; *City of Canton,* 489 U.S. at 385-90. A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992). At best, defendants Bovenkamp and Anderson were supervisors and plaintiff has failed to present any evidence of a causal connection with the denying plaintiff his medication. Therefore, neither defendant Bovenkamp nor defendant Anderson can be held liable for plaintiff's alleged injury.

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on his pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249-50. In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990).

Plaintiff submitted a Motion for Dismissal of Defendants' Motion for Summary Judgment (Dkt. 60), and an accompanying memorandum (Dkt. 61) and declaration (Dkt. 62), which this Court has interpreted as a response to defendants' motion. Other than as outlined above, plaintiff did not submit any additional documentation or evidence in support of his claims, and has merely replaced his "conclusory allegations of the complaint . . . with conclusory allegations of an affidavit." *Lujan,* 497 U.S. at 888. Therefore, plaintiff has not carried his burden as the opposing party in a summary judgment motion to show that there is more than a metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.,* 475 U.S. at 586.

As the Court has concluded that summary judgment is warranted because plaintiff failed to show that any named defendant has personally participated in causing the harm alleged, it is not necessary to address the remaining questions of qualified immunity and whether plaintiff's claim fails as a matter of law.

## CONCLUSION

The undersigned recommends that Defendants' Motion for Summary Judgment (Dkt. 55) should be **GRANTED;** plaintiff's Motion for Dismissal of Defendant's Motion for Summary Judgment (Dkt. 60) should be **DENIED,** and plaintiff's claims should be **dismissed with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 12, 2019** as noted in the caption.

Dated this 25th day of March, 2019.

J. Richard Creatura
United States Magistrate Judge